UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TERRY WOOD,

    Plaintiff,

v.                                                                Case No.:

CATALENT PHARMA
SOLUTIONS, LLC, a Foreign
Limited Liability Company,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, TERRY WOOD, by and through his undersigned counsel, hereby sues Defendant, CATALENT PHARMA SOLUTIONS, LLC, a Foreign Limited Liability Company (hereafter "Defendant"), and states:

**JURISDICTION AND VENUE**

1.    This is an action for damages for violations of the Family and Medical Leave Act of 1993 ("FMLA").

2.    Subject matter jurisdiction over this action is based upon the existence of a federal question based on FMLA claims which arise under federal law. The federal statute conferring original subject matter jurisdiction over this action is 28 U.S.C. § 1331.

3. Defendant is subject to general and specific personal jurisdiction in this Court under Section 48.193, Florida Statutes. Plaintiff's causes of action under FMLA arose from Defendants' employment of Plaintiff in the State of Florida.

4. Plaintiff has satisfied all conditions precedent to maintain this action.

## PARTIES

5. Plaintiff was a resident of Pinellas County, Florida at all times material hereto and worked from Defendant's business office in Pinellas County.

6. At all times material, Plaintiff was a covered "employee" within the meaning of the FMLA and Defendant was a covered employer.

7. Defendant is registered and doing business in Pinellas County.

## FACTUAL ALLEGATIONS

8. Plaintiff began working for Defendant in or around March 1997 as an Encapsulator.

9. During his employment with Defendant, Plaintiff was an exemplary employee.

10. Plaintiff was diagnosed with a disability in or around 2017.

11. While employed by Defendant, Plaintiff suffered from one or more serious health conditions for which Plaintiff required FMLA leave while

incapacitated and unable to perform all essential functions due to his condition.

12. Plaintiff informed his direct supervisor of his need for FMLA leave to receive treatment upon learning of his diagnosed disability in 2017.

13. On or around May 14, 2020, shortly after returning from approved FMLA leave, Plaintiff was informed by his supervisor that he would be changing positions - from the department he had worked in for 23 years to a new one as a Finisher - for which he had never received any training.

14. On or around April 8, 2021, Plaintiff was issued a disciplinary notice for going to the bathroom too frequently and was informed that he would not be compensated for the time he had worked.

15. Also on or around April 8, 2021, Plaintiff was directed to seek a doctor's note to use the bathroom again in the future.

16. Plaintiff was given poor performance reviews because of his requiring intermittent FMLA leave to go to doctor's appointments to seek treatment for his disability.

17. Defendant's Human Resources department accused Plaintiff of using his FMLA leave to watch football and of "milking" the company.

18. Defendant terminated Plaintiff's employment on or around December 9, 2021.

19. Plaintiff's supervisor, who had been made aware of his disability not

long after Plaintiff received his diagnosis, also knew that Plaintiff had only ever worked in one department for Defendant in his 23 years of employment when Plaintiff was transferred to a department he was unfamiliar with and would require extensive retraining in order to be successful.

20. Under the Family and Medical Leave Act, Defendant was aware that Plaintiff was entitled to be restored to the same position he held prior to taking FMLA leave. Failing to do so was a retaliatory act.

21. Plaintiff was consistently retaliated against based on his protected FMLA leave.

### COUNT I - RETALIATION IN VIOLATION OF FMLA

22. Plaintiff realleges and readopts the allegations of paragraphs 1 through 21 as if fully set forth herein.

23. Defendant is an employer under FMLA.

24. Defendant repeatedly retaliated against Plaintiff in violation of the FMLA by, among other things, reassigning him to a totally new role without any training and accusing Plaintiff of fabricating his need for FMLA leave.

25. Plaintiff was injured by Defendant's actions, including discharge.

**WHEREFORE,** Plaintiff requests this Honorable Court to grant a judgment requiring Defendant to pay to Plaintiff lost-wages, liquidated damages, and front-pay in an amount to be proved at trial, prejudgment interest

thereon, and costs and attorney's fees under FMLA.

## COUNT II - FMLA INTERFERENCE

26. Plaintiff realleges and readopts the allegations of paragraphs 1 through 21 as if fully set forth herein.

27. Defendant interfered with Plaintiff's right under the FMLA to be restored to his Encapsulator position following FMLA leave in violation of 29 U.S.C. §§ 2614(a)(1)(A) and 2615(a)(2).

28. Defendant's actions were willful.

29. Plaintiff was first injured by Defendant's interference when he was discharged because Defendant did not provide Plaintiff with adequate training for the "finisher" position.

**WHEREFORE,** Plaintiff requests this Honorable Court to grant a judgment requiring Defendant to pay to Plaintiff lost-wages, liquidated damages, and front-pay in an amount to be proved at trial, prejudgment interest thereon, and costs and attorney's fees under FMLA.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues.

Respectfully submitted,

*/s/ Craig L. Berman*
Craig L. Berman
Florida Bar No.: 068977
BERMAN LAW FIRM, P.A.
111 Second Avenue N.E, Suite 706
St. Petersburg, Florida 33701
Phone (727) 550-8989
Fax (727) 894-6251
craig@bermanlawpa.com

**COUNSEL FOR PLAINTIFF**

.